### UNITED STATES DISTRICT COURT
### DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| PRIME THERAPEUTICS LLC, | ) | Case No. 18-cv-02715-ECT-KMM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **DEFENDANT MAXOR PHARMACY** |
| ASHLEY D. BEATTY and | ) | **SERVICES, LLC'S ANSWER** |
| MAXOR NATIONAL PHARMACY | ) | |
| SERVICES, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

COMES NOW Defendant Maxor National Pharmacy Services, LLC ("Maxor"), by its undersigned attorneys, and for its Answer and Affirmative Defenses to the Complaint of Plaintiff Prime Therapeutics LLC ("Plaintiff" or "Prime"), states and alleges as follows:

Maxor denies each and every allegation, matter, and thing contained in Plaintiff's Complaint except as hereinafter admitted, answered, or otherwise explained.

### PARTIES, JURISDICTION AND VENUE

1.     Maxor admits that Prime purports to be a limited liability company with headquarters in Minnesota. Certain allegations in paragraph one are too vague to permit a response, including Prime's assertion that it is engaged in a "highly competitive healthcare marketplace." Maxor is without information sufficient to determine the truth or falsity of the remaining allegations (including Exhibit A, which Prime attaches to the Complaint) in paragraph one and on that basis denies them.

2.     Maxor admits the allegations in paragraph 2.

3.     Maxor admits that Maxor is a limited liability company with its principal executive office in Texas. Maxor admits that a portion of Maxor's business is the provision of services related

to benefit design, pharmacy benefit consultation and administration (including claims processing, and mail and specialty pharmacy services), and clinical solutions (including clinical programs, clinical analytics, and formulary development and management). Maxor denies the remaining allegations in paragraph 3.

4.      Maxor admits that there is complete diversity among the parties. Maxor denies that there is $75,000 in controversy. With respect to the remaining allegations, Maxor states that Prime makes a legal conclusion regarding subject matter jurisdiction to which no response is required. To the extent the remaining allegations contain allegations of fact against Maxor, they are denied.

5.      The allegations contained in paragraph 5 do not contain allegations with respect to Maxor and, moreover, the allegations are too vague to permit a response, particularly with respect to the words "regularly," "transacted business," "company meetings," and "support and services." To the extent a response is required, Maxor denies the allegations in paragraph 5.

6.      With respect to the Agreement Regarding Non-Disclosure of Confidential Information, Assignment of Inventions, Non-Competition and Non-Solicitation ("Agreement") attached as Exhibit B, Maxor states that the Agreement speaks for itself. Maxor states the remaining allegations make a legal conclusion regarding personal jurisdiction to which no response is required. To the extent paragraph 6 contains allegations of fact against Maxor, they are denied.

7.      Maxor states that paragraph 7 makes a legal conclusion regarding personal jurisdiction to which no response is required. To the extent paragraph 7 contains allegations of fact against Maxor, they are denied.

4830-5141-6692

8.      Maxor states that paragraph 8 makes a legal conclusion regarding venue to which no response is required. To the extent paragraph 8 contains allegations of fact against Maxor, they are denied.

## FACTUAL BACKGROUND

9.      Maxor states that the case law cited by Prime in paragraph 9 speaks for itself. Any characterization of the case law is a legal conclusion which Maxor denies. Maxor states that the remaining allegations in paragraph 9 are too vague to permit a response. Maxor further states that the allegations in paragraph 9 are not about Maxor and instead appear to be about companies that provide pharmacy benefits management generally. Maxor is without information sufficient to admit or deny the truth or falsity of Prime's vague allegations about companies that provide pharmacy benefits management generally. To the extent Prime makes any factual allegations about Maxor, those are denied.

10.     Maxor states that the allegations in paragraph 10 are not about Maxor and instead appear to be about companies that provide pharmacy benefits management generally. Maxor is without information sufficient to admit or deny the truth or falsity of Prime's vague allegations about companies that provide pharmacy benefits management generally, including how they negotiate discounts and rebates or whether their savings are based on their "total package of services." To the extent Prime makes any factual allegations about Maxor, those are denied.

11.     Maxor states that the Federal Trade Commission document cited by Prime speaks for itself. Maxor states that the remaining allegations in paragraph 11 are not about Maxor and instead appear to be about companies that provide pharmacy benefits management generally. Maxor is without information sufficient to admit or deny the truth or falsity of Prime's vague allegations about companies that provide pharmacy benefits management generally, including

what each company that provides pharmacy benefits management considers confidential or trade secret. To the extent Prime makes any factual allegations about Maxor, those are denied.

12.     Maxor is without information sufficient to determine the truth or falsity of the allegations in paragraph 12 and on that basis denies them.

13.     Maxor is without information sufficient to determine the truth or falsity of the allegations in paragraph 13 and on that basis denies them.

14.     Maxor is without information sufficient to determine the truth or falsity of the allegations in paragraph 14 and on that basis denies them.

15.     Maxor is without information sufficient to determine the truth or falsity of the allegations in paragraph 15 and on that basis denies them.

16.     Maxor denies the allegations in paragraph 16.

17.     Maxor is without information sufficient to determine the truth or falsity of the allegations in paragraph 17 and on that basis denies them.

18.     Maxor is without information sufficient to determine the truth or falsity of the allegations in paragraph 18 and on that basis denies them.

19.     Maxor admits that Beatty executed the Agreement. Maxor is without information sufficient to determine the truth or falsity of the remaining allegations in paragraph 19 and on that basis denies them.

20.     Maxor is without information sufficient to determine the truth or falsity of the allegations in paragraph 20 and on that basis denies them.

21.     Maxor is without information sufficient to determine the truth or falsity of the allegations in paragraph 21 and on that basis denies them.

4830-5141-6692

22.     Maxor states that the allegations in paragraph 22 are too vague to permit a response, including Prime's allegations that Beatty's duties included "overseeing underwriting," "leading the development and execution of network strategy to meet long-term market needs and optimize client service," "serving as a representative and business owner," "overseeing network management coordination," "serving Prime's business in new product and service initiatives," and "establishing effective business partnership with sales professionals." To the extent a response is required, Maxor is without information sufficient to determine the truth or falsity of the allegations in paragraph 22 and on that basis denies them.

23.     Maxor is without information sufficient to determine the truth or falsity of the allegations in paragraph 23 and on that basis denies them.

24.     Maxor is without information sufficient to determine the truth or falsity of the allegations in paragraph 24 and on that basis denies them.

25.     With respect to the Agreement, Maxor states that it speaks for itself. To the extent paragraph 25 or its footnote contains mischaracterizations of this document or contains other factual allegations, they are denied.

26.     With respect to the Agreement, Maxor states that it speaks for itself. To the extent paragraph 26 contains mischaracterizations of this document or contains other factual allegations, they are denied.

27.     With respect to the Agreement, Maxor states that it speaks for itself. To the extent paragraph 27 contains mischaracterizations of this document or contains other factual allegations, they are denied.

28.     To the extent paragraph 28 refers to the Agreement, Maxor states that it speaks for itself. To the extent paragraph 28 contains mischaracterizations of this document, they are denied.

To the extent paragraph 28 contains other factual allegations, Maxor is without information sufficient to determine the truth or falsity of the allegations and on that basis denies them.

29.     With respect to the Agreement, Maxor states that it speaks for itself. To the extent paragraph 29 contains mischaracterizations of this document or contains other factual allegations, they are denied.

30.     Maxor denies the allegations in paragraph 30.

31.     Maxor is without information sufficient to determine the truth or falsity of the allegations in paragraph 31 and on that basis denies them.

32.     Maxor is without information sufficient to determine the truth or falsity of the allegations in paragraph 32 and on that basis denies them.

33.     Maxor is without information sufficient to determine the truth or falsity of the allegations in paragraph 33 and on that basis denies them.

34.     Maxor is without information sufficient to determine the truth or falsity of the allegations in paragraph 34 and on that basis denies them.

35.     Maxor admits the allegations in paragraph 35.

36.     Maxor is without information sufficient to determine the truth or falsity of the allegations in paragraph 36 and on that basis denies them.

37.     Maxor denies the allegations in paragraph 37.

38.     Maxor denies that Beatty is currently the executive leader for underwriting at Maxor. Maxor further denies that Beatty is (or will be within a few weeks) responsible for overseeing the underwriting functions of three different business lines at Maxor: MaxorPlus, on-site pharmacies and Gateway Health Partners. Maxor admits only that it has imposed a phased approach to the assumption of Beatty's job duties, and that she will not assume any underwriting

duties until on or about the end of November, 2018, and only then for on-site pharmacies (which Prime does not operate).  At that time, Beatty will also assume responsibility for client financial reconciliations across all Maxor lines of business, and supervising financial work in the Gateway Health Partners business.  In the third phase, which will not begin until January 7, 2019, Beatty will begin working on margin analytics and client reporting for all businesses, but in a different capacity than she performed at Prime.  Phase three will also involve the generation of reports for Maxor's rebate aggregation clients related to their rebate payments.  Finally, in phase four, which is set to begin on or about March 20, 2019, Beatty will begin to assume management of the team responsible for producing underwriting values for Maxor's PBM business and retail pharmacy network administration duties.  Maxor denies the remaining allegations in paragraph 38.

39.     Maxor admits that its clients include health systems and employers looking to separate (carve out) the pharmacy benefits from their health plans. Maxor further admits that its providers include retail pharmacies and mail pharmacies. Maxor further admits that its suppliers include pharmaceutical manufacturers.  Maxor denies, however, that it and Prime have "the same clients, providers and suppliers that Prime competes for."

40.     Maxor is without information sufficient to determine the truth or falsity of the allegations in paragraph 40 and on that basis denies them.

## CAUSES OF ACTION

## COUNT I – BREACH OF CONTRACT
## (Against Beatty)

41.     Maxor realleges and incorporates by reference each and every answer stated above.

42.     With respect to paragraph 42, Maxor states that this claim is only against Beatty, so no response is required. To the extent paragraph 42 contains any allegations against Maxor, they are denied.

43.     With respect to paragraph 43, Maxor states that this claim is only against Beatty, so no response is required. To the extent paragraph 43 contains any allegations against Maxor, they are denied.

44.     With respect to paragraph 44, Maxor states that this claim is only against Beatty, so no response is required. To the extent paragraph 44 contains any allegations against Maxor, they are denied.

45.     With respect to paragraph 45, Maxor states that this claim is only against Beatty, so no response is required. To the extent paragraph 45 contains any allegations against Maxor, they are denied.

46.     With respect to paragraph 46, Maxor states that this claim is only against Beatty, so no response is required. To the extent paragraph 46 contains any allegations against Maxor, they are denied.

47.     With respect to paragraph 47, Maxor states that this claim is only against Beatty, so no response is required. To the extent paragraph 47 contains any allegations against Maxor, they are denied.

48.     With respect to paragraph 48, Maxor states that this claim is only against Beatty, so no response is required. To the extent paragraph 48 contains any allegations against Maxor, they are denied.

### COUNT II – MISAPPROPRIATION OF TRADE SECRETS
### (DEFEND TRADE SECRETS ACT, 18 U.S.C. § 1836)

49.     Maxor realleges and incorporates by reference each and every answer stated above.

50.    Maxor denies the allegations in paragraph 50.

51.    Maxor is without information sufficient to admit or deny the truth or falsity of the allegations in paragraph 51 and on that basis denies them.

52.    Maxor is without information sufficient to admit or deny the truth or falsity of the allegations in paragraph 52 and on that basis denies them.

53.    Maxor is without information sufficient to admit or deny the truth or falsity of the allegations in paragraph 53 and on that basis denies them.

54.    Maxor is without information sufficient to admit or deny the truth or falsity of the allegations in paragraph 54 and on that basis denies them.

55.    Maxor is without information sufficient to admit or deny the truth or falsity of the allegations in paragraph 55 and on that basis denies them.

56.    Maxor denies the allegations in paragraph 56.

57.    Maxor denies the allegations in paragraph 57.

58.    Maxor denies the allegations in paragraph 58.

59.    Maxor denies the allegations in paragraph 59.

60.    Maxor denies the allegations in paragraph 60.

## COUNT III – MISAPPROPRIATION OF TRADE SECRETS
## (MINN. UNIFORM TRADE SECRETS ACT, MINN. STAT. § 325C.01)

61.    Maxor realleges and incorporates by reference each and every answer stated above.

62.    Maxor denies the allegations in paragraph 62.

63.    Maxor denies the allegations in paragraph 63.

64.    Maxor is without information sufficient to determine the truth or falsity of the allegations in paragraph 64 and on that basis denies them.

65.     Maxor is without information sufficient to determine the truth or falsity of the allegations in paragraph 65 and on that basis denies them.

66.     Maxor is without information sufficient to determine the truth or falsity of the allegations in paragraph 66 and on that basis denies them.

67.     Maxor is without information sufficient to determine the truth or falsity of the allegations in paragraph 67 and on that basis denies them.

68.     Maxor denies the allegations in paragraph 68.

69.     Maxor denies the allegations in paragraph 69.

70.     Maxor denies the allegations in paragraph 70

71.     Maxor denies the allegations in paragraph 71.

## COUNT IV – TORTIOUS INTERFERENCE WITH CONTRACT
## (Against Maxor)

72.     Maxor realleges and incorporates by reference each and every answer stated above.

73.     Maxor admits the allegations in paragraph 73.

74.     Maxor denies the allegations in paragraph 74.

75.     Maxor denies the allegations in paragraph 75.

76.     Maxor denies the allegations in paragraph 76.

77.     Maxor denies the allegations in paragraph 77.

## COUNT V – TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS, PROSPECTIVE CONTRACTUAL RELATIONS, AND/OR PROSPECTIVE ECONOMIC RELATIONS

78.     Maxor realleges and incorporates by reference each and every answer stated above.

79.     Maxor is without information sufficient to determine the truth or falsity of the allegations in paragraph 79 and on that basis denies them.

4830-5141-6692

80.     Max is without information sufficient to determine the truth or falsity of the allegations in paragraph 80 and on that basis denies them.

81.     Maxor denies the allegations in paragraph 81.

82.     Maxor denies the allegations in paragraph 82.

83.     Maxor denies the allegations in paragraph 83.

84.     Maxor denies the allegations in paragraph 84.

## COUNT VI – INJUNCTIVE RELIEF

85.     Maxor realleges and incorporates by reference each and every answer stated above.

86.     Maxor admits that Prime purports to bring an action for temporary and permanent injunctive relief against Beatty. Maxor denies the remaining allegations in paragraph 86.

87.     Maxor denies the allegations in paragraph 87.

88.     Maxor denies the allegations in paragraph 88.

89.     Maxor denies the allegations in paragraph 89.

90.     Maxor denies the allegations in paragraph 90.

91.     Maxor denies the allegations in paragraph 91.

## COUNT VII – DECLARATORY JUDGMENT

92.     Maxor realleges and incorporates by reference each and every answer stated above.

93.     Maxor denies the allegations in paragraph 93.

94.     With respect to the Agreement, Maxor states that it speaks for itself. To the extent paragraph 94 makes other factual allegations requiring a response, Maxor denies those allegations.

95.     Maxor denies the allegations in paragraph 95.

96.     Maxor is without information sufficient to determine the truth or falsity of the allegations in paragraph 96 and on that basis denies them.

4830-5141-6692

97.     Maxor admits that Prime purports to seek an entry of judgment pursuant to 28 U.S.C. § 2201. Maxor denies the remaining allegations in paragraph 97.

## PLAINTIFF'S PRAYER FOR RELIEF

With respect to Prime's "Prayer for Relief," Maxor denies the allegations contained therein and affirmatively asserts that Prime is not entitled to any relief for any of its pretended causes of action.

## MAXOR'S AFFIRMATIVE DEFENSES

1.     Prime's Complaint fails to state a claim upon which relief may be granted.

2.     Prime's claims may be barred, in whole or in part, because the Agreement is invalid, unconscionable, and/or unenforceable.

3.     Prime's claims are barred, in whole or in part, because Prime lacks standing, authority, and/or legal capacity necessary to assert such claims

4.     Prime's claims may be barred, in whole or in part, because Prime has suffered no damages.

5.     Prime's claims may be barred, in whole or in part, because of Prime's failure to mitigate its damages.

6.     Prime's claims may be barred, in whole or in part, for lack of consideration.

7.     Prime's claims may be barred, in whole or in part, because Maxor has never had access and has never sought access to confidential information or trade secrets belonging to Prime.

8.     Prime's claims may be barred, in whole or in part, because Prime fails to specifically identify any trade secrets at issue.

9.     Prime has not suffered and will not suffer any irreparable injury.

10.     Prime has alleged categories of damages not properly recoverable and/or not provided for under applicable law.

4830-5141-6692

11.     Prime's claims are barred by the doctrines of waiver, modification, estoppel, fraud, laches, unclean hands, and/or election of remedies.

12.     Prime's claims may be barred, in whole or in part, due to lack of jurisdiction.

13.     Maxor asserts that it may have additional affirmative defenses, the nature of which cannot be determined until it has had an opportunity to conduct discovery. Maxor thus incorporates all affirmative defenses stated or contemplated by the Federal Rules of Civil Procedure as if set forth fully herein.

WHEREFORE, Maxor denies liability to Prime and requests that the Court: (a) enter judgment in its favor on the claims asserted by Prime and dismiss the Complaint with prejudice; (b) award Maxor its attorneys' fees and costs to the extent permissible by law; and (c) grant Maxor such further relief as the Court deems just and proper.

Dated: October  12, 2018                    NILAN JOHNSON LEWIS PA

                                            By:     /s/ Katie M. Connolly
                                                Katie M. Connolly (#0338357)
                                                Joel O'Malley (#0352573)
                                                Jeremy D. Robb (#0393083)
                                                120 South 6th Street, Suite 400
                                                Minneapolis, MN 55402
                                                (612) 305-7500
                                                kconnolly@nilanjohnson.com
                                                jomalley@nilanjohnson.com
                                                jrobb@nilanjohnson.com

                                            ATTORNEYS FOR DEFENDANTS