FaegreBD.com

**FAEGRE BAKER DANIELS**

USA ▾ UK ▾ CHINA

**Jacqueline A. Mrachek**
*Partner*
jacqueline.mrachek@FaegreBD.com
Direct **+1 612 766 8619**

Faegre Baker Daniels LLP
2200 Wells Fargo Center ▾ 90 South Seventh Street
Minneapolis ▾ Minnesota 55402-3901
Main **+1 612 766 7000**
Fax **+1 612 766 1600**

October 15, 2018

<u>**VIA ECF**</u>

The Honorable Katherine Menendez
Magistrate Judge
United States District Court
8E U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

Re:   *Prime Therapeutics LLC v. Ashley D. Beatty and Maxor National Pharmacy Services, LLC.*
<u>**Civil File No. 18-cv-2715-ECT-KMM**</u>

Dear Magistrate Judge Menendez:

Thank you for the opportunity to respond to Defendant Beatty's motion for an extension of time to answer Prime Therapeutics LLC's ("Prime") Complaint.

**Background.**  Beatty is a former executive with Prime who notified Prime on August 21, 2018 that she was resigning her employment as she had accepted employment with Maxor National Pharmacy Services, LLC ("Maxor").  At that time, Beatty informed Prime that her legal counsel advised her there was not an issue with her working for Maxor, despite having a non-compete clause and other post-employment contractual obligations.  On September 5, 2018, both Beatty and Maxor received letters from Prime's in-house counsel stating Beatty's employment with Maxor would violate her employment agreement.

After the parties reached an impasse, Prime filed its Complaint on September 20, 2018 and provided a courtesy copy of the Complaint to Beatty's counsel, Mr. Shrayber, the next morning -- even though Mr. Shrayber never responded to my inquiry of whether he was authorized to accept service on behalf of Beatty.  Beatty was ultimately served with the Complaint on September 22.  Counsel had a conversation on September 25 regarding the issues. Given the competitive sensitivity and urgency of Prime's concerns, Prime filed a motion for preliminary injunctive relief on September 28, and the Court subsequently entered a briefing schedule on Prime's motion and set a hearing on October 23, 2018.

Despite weeks of discussion regarding the nature of Prime's Complaint and Beatty's counsel having the Complaint on September 21, Beatty waited nearly three weeks to contact my office to request a 14-day extension to answer or otherwise respond to the Complaint--without any explanation for why such an

The Honorable Katherine Menendez     -2-     October 15, 2018

extension was necessary.[1]  While granting extensions is not uncommon, doing so here was not appropriate given the urgency and seriousness of the issues as well as the considerable amount of dialogue among the parties and counsel prior to initiating this lawsuit.  On October 10, 2018 Beatty filed this motion.[2]

**No Good Cause Exists.** Under Fed. R. Civ. P. 6(b)(1)(A), the standard for granting an extension of time is "good cause" and the burden is on the moving party to establish such. *C.f. Baden v. Craig-Hallum, Inc.*, 115 F.R.D. 582, 586 (D. Minn. 1987).  In her two-page brief, Plaintiff has not cited any legal authority or provided any reason for her request for an extension to answer or otherwise respond to the Complaint.

"Good cause" exists where there is something beyond the control of the moving party or some reasonable basis for non-compliance. *See, e.g.*, *Gibbons v. U.S.*, 317 F.3d 852, 854 n.3 (8th Cir. 2003) ("[T]he good cause standard 'applies in situations where there is not fault—excusable or otherwise[;]' *i.e.*, 'the need for an extension is . . . occasioned by something that is not within the control of the movant.'") (quoting Advisory Committee Notes to the 2002 Amendment to Fed. R. App. P. 4(a)(5)); *Kurka v. Iowa County, Iowa*, 628 F.3d 953, 957 (8th Cir. 2010) ("A showing of good cause requires . . . some reasonable basis for noncompliance with the rules."); *Peer v. Vilsack*, 563 Fed. Appx. 504, 505 (8th Cir. 2014) ("good cause" is likely shown when plaintiff's failure to complete service in a timely fashion is a result of the conduct of a third person, the defendant has evaded service or engaged in misleading conduct, or the plaintiff has diligently tried to effect service or there are understandable mitigating circumstances); *Scheidecker v. Arvig Enterprises, Inc.*, 193 F.R.D. 630, 631 (D. Minn. 2000) (in discussing a showing of good cause for modifying a scheduling order, the court stated the "good cause" standard is "an exacting one, for it demands a demonstration that the existing schedule 'cannot reasonably be met despite the diligence of the party seeking the extension. . . . [C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief'").

However, the most critical factor will always be the "reason-for-delay factor," *i.e.*, the nature, credibility and persuasiveness of the excuse proffered by the moving party. *Gibbons,* 317 F.3d at 854, quoting *Lowry v. McDonnell Douglas Corp.,* 211 F.3d 457, 463 (8th Cir. 2000). Here, Plaintiff provides none.

Beatty has been aware of Prime's claims since September 5, 2018, when Prime sent Beatty and Maxor a letter reminding them of Beatty's obligations under the non-compete agreement. Following this letter, Prime, Maxor, and Beatty engaged in negotiations for weeks. Eventually, negotiations broke down and Prime was forced to file suit on September 20 to protect its trade secrets.  The clearest proof that Beatty cannot establish "good cause" to obtain an extension to answer or otherwise respond to the Complaint arises out of her opposition to Prime's motion for preliminary injunction, which consists of a 46-page brief

---

[1] Contrary to Mr. Gisi's statement, counsel did not meet and confer. I received a one sentence email asking me to advise whether Prime was agreeable to a two-week extension, up to and including October 29, 2018, for Ms. Beatty to answer, move or otherwise respond to Prime's complaint.

[2] The Local Rules contemplate a 14-day briefing schedule for non-dispositive motions such as Beatty's. Waiting until just days before the deadline to file a motion for an extension effectively takes a de facto extension.

The Honorable Katherine Menendez           -3-                    October 15, 2018

and 157 pages submitted through Shrayber's Declaration. If Beatty had sufficient time to assemble such a long response to Prime's motion, she is certainly able to timely respond to Prime's Complaint. *See also Roblero-Barrios v. Krippner*, 2012 WL 620022, CV No. 11-2281 (D. Minn. Jan. 24, 2012) (finding good cause for an extension existed where defendant's counsel never received the summons or complaint and were unaware of the litigation).

**Prime Would be Prejudiced by an Extension of Time.** In her motion, Beatty contends an extension would not cause undue delay or prejudice and therefore her motion should be granted. Delay or prejudice, however, are not the determining factors in deciding this motion. *See, e.g.*, *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992) ("Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the **focus of the inquiry is upon the moving party's reasons for seeking modification**.") (emphasis supplied). As this Court noted, "Nor does the question of good cause turn on the existence or absence of prejudice to the non-moving party." *Scheidecker v. Arvig Enterprises, Inc.*, 193 F.R.D. 630, 632 (D. Minn. 2000).

Even if delay or prejudice were relevant to this motion, both favor denying the motion. First, with a full understanding of filing deadlines, Judge Tostrud set a hearing on Prime's motion for preliminary injunction on October 23, 2018. The Court likely expects the pleadings to be closed by the time the hearing takes place.

Second, Prime is entitled to know Beatty's responses to Prime's allegations and any affirmative defenses in a pleading before the motion for preliminary injunction. To allow Beatty extra time beyond the temporary stay entered by the Court would reward Beatty's tactics and delay Prime's ability to understand what defense Beatty could allege. Prime has a right to know which facts Beatty admits and denies, and which defenses Beatty intends to bring. As this Court has stayed Beatty's response until after the hearing on October 16, she has already succeeded in delaying this process.

The issues in this lawsuit have been known to Beatty and her counsel since at least early September 2018. There is no explanation provided by Beatty for why she is unwilling to timely respond to the Complaint which has been in her counsel's possession for nearly a month. Prime respectfully requests Beatty's unsupported motion be denied and Beatty be ordered to immediately respond to the Complaint.

Very truly yours,

*s/ Jacqueline A. Mrachek*


Jacqueline A. Mrachek


cc:      Counsel of Record via ECF